UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN LEWANDOWSKI, | ) | Civ. 13-3011-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF DAY; | ) | |
| COURT EMPLOYEES OF PUBLIC | ) | |
| DEFENDER'S OFFICE; | ) | |
| PUBLIC PROSECUTOR'S OFFICE; | ) | |
| CLERK OF COURT'S OFFICE; | ) | ORDER DENYING LEAVE TO |
| RANDY TURNER, | ) | PROCEED IN FORMA PAUPERIS |
| Court appointed attorney, | ) | AND DISMISSING COMPLAINT |
| Day Co. Public Defender's Office; | ) | |
| CURT EWINGER, | ) | |
| Court appointed attorney, | ) | |
| Day Co. Public Defender's Office; | ) | |
| DANNY R. SMEINS, | ) | |
| Public prosecutor, | ) | |
| Day Co. Prosecutor's Office; and | ) | |
| SUSAN COMPAN, Clerk, | ) | |
| Day Co. Clerk of Court's Office, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Gregory Allen Lewandowski, is an inmate at the South Dakota

State Penitentiary in Sioux Falls, South Dakota. Lewandowski has filed a pro

se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has requested leave to

proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Docket 1; Docket 3.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a

civil action or files an appeal in forma pauperis . . . shall be required to pay the

full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however,

accept partial payment of the initial filing fee where appropriate. Therefore,

" '[w]hen an inmate seeks pauper status, the only issue is whether the inmate

pays the entire fee at the initiation of the proceedings or over a period of time

under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir.

1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

Significantly, the PLRA prohibits a prisoner from requesting in forma

pauperis status in an action or appeal

> if the prisoner has, *on 3 or more prior occasions*, while incarcerated
> or detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, *unless the prisoner is under imminent danger of serious
> physical injury.*

§ 1915(g) (emphasis added). Lewandowski has previously proceeded in forma

pauperis in three other cases that were dismissed pursuant to the screening

procedures of § 1915. *See Lewandowski v. Day Cnty. Cir. Ct. et al.*, Civ. 09-

4089; *Lewandowski v. Flemmer*, Civ. 11-4125; *Lewandowski v. Day Cnty. Cir.

Ct.*, Civ. 11-4106. Moreover, Lewandowski has not established that he is under

imminent danger of serious physical injury. Accordingly, the court denies

Lewandowski's request to proceed in forma pauperis. Docket 3. Lewandowski

must pay the requisite $350 filing fee.

But the inquiry does not end there. The PLRA requires the court to

screen Lewandowski's complaint to determine whether any claims should be

dismissed. Pursuant to the PLRA, the court must dismiss an action or any

portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In reviewing a complaint under this standard, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless,

3

a pro se complaint must comply with the minimal requirements set forth in the

Federal Rules of Civil Procedure, which specifically require pleadings to contain

"a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). Moreover, although a pro se complaint need not

contain detailed factual allegations, it must "allege facts sufficient to support

the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The

court is not required to "supply additional facts, nor will [it] construct a legal

theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v.*

*White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). Finally, a pro se complaint must

contain "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). If the complaint does not contain these bare essentials,

dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir.

1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege

sufficient facts to show '(1) that the defendant(s) acted under color of state law,

and (2) that the alleged wrongful conduct deprived the plaintiff of a

constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848

(8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th

Cir. 2009)). In the instant case, Lewandowski claims that defendants "allowed

[t]he 5th Judicial Circuit Court to impose enhanced penalties of [p]rincipal

4

offence, provisions hidden meritless in the Part II (prior conviction charge) of [various docketed judgments]." Docket 1 at 3. Lewandowski therefore alleges that he has been falsely imprisoned for seven-and-one-half years "in a form of manstealing." *Id.* To remedy the alleged violation, Lewandowski requests that the court vacate the illegal sentence and award him $7.5 million in damages. *Id.* at 4.

The primary issue raised by Lewandowski's complaint relates to the legality of his confinement.[1] As the United States Supreme Court has noted, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). Therefore, insofar as Lewandowksi seeks to invalidate his allegedly illegal sentence, his sole remedy is a writ of habeas corpus.

With respect to Lewandowski's request for damages, the Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

---

[1] Lewandowski has raised such issues twice before. *See Lewandowski v. Day Cnty. Cir. Ct. et al.*, Civ 09-4089; *Lewandowski v. Day Cnty. Cir. Ct.*, Civ 11-4106. In each case, the court dismissed Lewandowski's complaint for failure to state a claim upon which relief may be granted.

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486–87. Because Lewandowski has not alleged that his conviction has been invalidated, the court finds that he has failed to state a claim upon which relief may be granted. Accordingly, it is

ORDERED that Lewandowski's motion for leave to proceed in forma pauperis (Docket 3) is denied. Lewandowski must pay the $350 filing fee to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that Lewandowski's complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. Lewandowski is notified that he may not file any additional civil cases in forma pauperis unless he is "under imminent danger of serious physical injury" as set forth at 28 U.S.C. § 1915(g). Lewandowski may still file civil cases if the complaint is accompanied by the $350 filing fee applicable to civil actions.

Dated April 8, 2013.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6